UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRKO DESPOTOVICH, *doing business as*
TRADEXIM INTERNATIONAL CO.
CALIFORNIA,

                              Plaintiff,

              -against-

REPUBLIC OF CROATIA,

                              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/17/2022_____

21 Civ. 50 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff[1] brings this action against the Republic of Croatia as the alleged alter ego of

non-party "Gavrilovic"[2] for enforcement of a 2020 New York state judgment against Gavrilovic.

Amend. Compl. ¶¶ 1–3, 36, 38–43.  Before the Court is Defendant's motion to dismiss under

Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the

Foreign Sovereign Immunities Act (the "FSIA"), and 12(b)(6).  ECF No. 41.  For the reasons

stated below, the Court finds that this action is barred under the FSIA.[3]  Therefore, Defendant's

motion is GRANTED, and the case is DISMISSED.

**BACKGROUND[4]**

    In 1990, Plaintiff contracted with non-party Gavrilovic for the delivery of 635 tons of

---

[1] This case has been purportedly brought by "Tradexim International Co. California."  *See* Amend. Compl, ECF No.
37.  The amended complaint alleges that Tradexim International Co. California is a "sole proprietorship" of its
principal, Mirko Despotovich.  *Id.* ¶ 29 n.3.  Further, Plaintiff's memorandum concedes that Despotovich is the true
party in interest, Pl. Opp'n at 28, ECF No. 49, and Despotovich has ratified the amended complaint, ECF No. 53.
Therefore, his name shall be substituted for that of Tradexim International Co. California in the caption and this
Court shall regard Despotovich as the plaintiff in this action.  *See Fund Liquidation Holdings, LLC v. Bank of Am.
Corp.*, 991 F. 3d 370, 386, 391 (2d Cir. 2021).

[2] It appears that Plaintiff refers both to an individual named Gavrilovic and entities that contain that name.
However, the relationship between the individual and the entities is not clear.  It is not necessary for the Court to
address that question in resolving the Foreign Sovereign Immunities Act issues raised in Defendant's motion.
Therefore, the Court shall refer to "Gavrilovic" for simplicity.

[3] Because the Court finds that it lacks subject matter jurisdiction over this action, it does not reach Defendant's other
arguments.

[4] On a 12(b)(1) motion to dismiss for lack of jurisdiction, the Court may consider additional factual materials outside
the complaint.  *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam).

canned ham, which were to be delivered to the United States.  Amend. Compl. ¶ 29.  The first

batch arrived in May 1990 from Croatia[5] and was determined to contain bacteria.  *Id.* ¶ 30.  It

was returned to Croatia for destruction, as was a second shipment.  *Id.* ¶¶ 30–31.

Beginning in 1990, there were political shifts in Croatia.  *Id.* ¶¶ 14–16.  In 1991, war

broke out in the former Socialist Federal Republic of Yugoslavia, of which Croatia was a part.

*Id.* ¶¶ 18, 33.  Due to the war, Plaintiff could not bring a damages claim there.  *Id.* ¶ 33.  Instead,

in 1993, Plaintiff brought an action in the United States District Court for the District of

Columbia against a Gavrilovic entity, its owner, the Republic of Croatia, and other defendants

for, *inter alia*, breach of contract and fraud.  *Despotovich v. Mesna Industrija Gavrilovic*, No. 93

Civ. 978, ECF No. 1 (D.D.C. May 11, 1993).[6]  The case related to the same canned ham dispute

underlying the judgment at issue in this case.  *See id.* ¶ 13.  Plaintiff alleged in the District of

Columbia complaint that, as part of the ham transaction, Gavrilovic obtained a letter of guarantee

from a bank known as Privredna Banka Zagrab ("Privredna").  *Id.* ¶ 16.  Plaintiff alleged that

Defendant assumed control of Privredna, and was therefore liable for Privredna's obligations

under the letter of guarantee.  *Id.* ¶¶ 31, 85–96.  Plaintiff did not allege that Defendant seized

control of Gavrilovic or was liable for the claims brought against Gavrilovic.  *See generally id.*

On June 8, 1995, the Honorable Gladys Kessler dismissed the claims against the Republic of

Croatia on sovereign immunity and the act of state doctrine grounds.  *Despotovich v. Mesna

Industrija Gavrilovic*, No. 93 Civ. 978, ECF No. 66 (D.D.C. June 8, 1995).  Plaintiff appealed.

*Despotovich v. Mesna Industrija Gavrilovic*, No. 96-7010 (D.C. Cir.).  The appeal was dismissed

---

[5] The Court acknowledges that the Republic of Croatia declared independence from the Socialist Federal Republic of Yugoslavia on June 25, 1991, and uses the term Croatia for simplicity.  *See* Amend. Compl. ¶ 17; *see also* ECF No. 43 ¶¶ 12–13.
[6] The Court takes judicial notice of this case and all the other referenced cases in the background section.  *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

because judgment had not been entered against all of the defendants.  *Despotovich v. A. Moksel AG*, No. 96-7009, 1997 WL 195486 (D.C. Cir. Mar. 14, 1997) (per curiam).  No further appeal was taken.  *See generally Despotovich v. Mesna Industrija Gavrilovic*, No. 93 Civ. 978.

In July 1996, Plaintiff brought suit in the Commercial Court of Zagreb, in the Republic of Croatia, which resulted in a judgment against Gavrilovic that issued on March 20, 2000.  Amend. Compl. ¶¶ 33–34.  On March 5, 2001, the judgment was affirmed by the High Commercial Court of Croatia.  *Id.* ¶ 35.  In 2002, Gavrilovic was placed under bankruptcy proceedings.  *Id.* ¶ 27.  In November 2018, the Commercial Court of Zagreb granted Plaintiff's application for the appointment of a bankruptcy administrator for Gavrilovic.  *Id.* ¶ 37.  That bankruptcy is ongoing. *Id*.

In 2018, Plaintiff attempted to domesticate the Croatian judgment in Connecticut. *Despotovic v. Gavrilovic Holding Petrinja*, HHDCV184086996S, 2018 WL 6016710 (Conn. Super. Ct. Oct. 29, 2018).  The Connecticut court declined to do so and dismissed the matter.  *Id.* However, a New York Court domesticated the judgment on January 21, 2020.  Amend. Compl. ¶ 38.

On January 4, 2021, Plaintiff filed this action to enforce the New York judgment.  ECF No. 1.  The amended complaint alleges that "at all relevant times" Defendant has been the alter ego of Gavrilovic.  Amend. Compl. ¶ 41.  All of the actions underlying Plaintiff's alter ego allegation, other than Defendant's continuing use of real estate belonging to Gavrilovic, occurred prior to 1996.  *Id.*; *see also id.* ¶¶ 16–23, 25–27.  The amended complaint makes no specific allegations of control *after* the New York judgment was issued.  *See generally* Amend. Compl. Further, the amended complaint does not allege commercial activity involving the United States since the original ham contract.  *See generally id.*

3

## DISCUSSION

### I.   Standard of Review

"Sovereign immunity from suit is the default rule, subject only to specific exceptions." *Barnet v. Ministry of Culture & Sports of the Hellenic Republic*, 961 F.3d 193, 199 (2d Cir. 2020). "A defendant seeking sovereign immunity bears the burden of establishing a prima facie case that it is a foreign sovereign." *Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555, 559–60 (2d Cir. 2020). The burden then shifts to the plaintiff to demonstrate a FSIA exception applies. *Id.* at 560. "Determining whether that burden is met involves a review of the allegations in the complaint and any undisputed facts, and resolution by the district court of any disputed issues of fact." *Id.* "Once the plaintiff has met its initial burden of production, the defendant bears the burden of proving, by a preponderance of the evidence, that the alleged exception does not apply." *Id.* If the action does not fall within one of the FSIA's statutory exceptions, federal courts lack subject matter jurisdiction over the claim, as well as personal jurisdiction over the foreign state defendant. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 489 & n.14, (1983). In deciding FISA cases, "[c]ourts must zero in on the core of the suit: the . . . sovereign acts that actually injured plaintiff." *Rukoro v. Fed. Rep. of Germany*, 976 F.3d 218, 227 (2d Cir. 2020) (quoting *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 35 (2015) (quotation marks and alterations omitted)).

One of these exemptions is for commercial activity, and it can be invoked if "the action is based upon commercial activity carried on in the U.S. by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United

States." 28 U.S.C. § 1605(a)(2).  The commercial activity of an entity that is not the sovereign

can be imputed to the sovereign where a court determines the entity is an "alter ego" of the

sovereign.  *First Nat'l City Bank v. Banco Para El Comercio Exterior De Cuba*, 462 U.S. 611,

632–33 (1983).

II.    Analysis

Defendant, the Republic of Croatia, is a "foreign state" under the FSIA.  28 U.S.C.

§ 1603(a).  Plaintiff alleges that the first clause of the commercial activity exception to sovereign

immunity permits him to bring suit against Defendant.[7]  The Supreme Court has instructed that

the FSIA commercial activity exception "requires a court to 'identify the particular conduct on

which the plaintiff's action is based.'"  *OBB Personenverkehr AG*, 577 U.S. at 33 (quoting *Saudi*

*Arabia v. Nelson*, 507 U.S. 349, 357 (1993)) (other quotation marks and alterations omitted).

The Court is to "identify that 'particular conduct' by looking to the 'basis' or 'foundation' for a

claim, 'those elements . . . that, if proven, would entitle a plaintiff to relief.'"  *Id.* (quoting

*Nelson*, 507 U.S. at 357).  The cause of action must have "more than a mere connection with, or

relation to, [the] commercial activity."  *Nelson*, 507 U.S. at 358.

The first clause of the commercial activity exception requires that the foreign state carry

out the "commercial activity" in connection with the predicate act that forms the basis for the

suit.  *See OBB Personenverkehr AG*, 577 U.S. at 34; *see also Barnet as Tr. of 2012 Saretta*

*Barnet Revocable Tr. v. Ministry of Culture & Sports of Hellenic Rep.*, 961 F.3d 193, 200 (2d

---

[7] As to the second clause, the complaint states that the "commercial activity that gave rise to the Croatian [j]udgment and, subsequently, the New York Judgment, occurred in New York."  Amend. Compl. ¶ 13; *see also id.* ¶ 9. Plaintiff's allegation that the commercial activity occurred in New York forecloses arguments under the second clause because clause two pertains to "commercial activity of the foreign state [which occurred] elsewhere," 28 U.S.C. § 1605(a)(2).  As to the third clause, in its memorandum of law, Defendant states that Plaintiff has not made allegations based on the third clause of the commercial activity exception.  Def. Mem. at 11 n.8, ECF No. 42. Plaintiff has not contested this in his response, *see generally* Pl. Opp'n, ECF No. 49, and, therefore, concedes that he is not relying on the third clause of 28 U.S.C. § 1605(a)(2), *see Felske v. Hirchmann*, No. 10 Civ. 8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012).

Cir. 2020).  Here, although the initial 1990 breach of contract claim involved commercial activity in the United States, and this breach of contract "led to the conduct that eventually" gave rise to this lawsuit, it was not "the particular conduct upon which [this] suit was based."  *OBB Personenverkehr AG*, 577 U.S. at 34.  Rather, this action is based on the non-payment of the 2020 New York judgment, which was based on the non-payment of the 2002 Croatian judgment.[8]  Even assuming, *arguendo*, that Gavrilovic is an alter ego of Defendant, Plaintiff has not alleged any commercial activity in the United States or elsewhere that gave rise to the non-payment of the 2020 judgment.  *See generally* Amend. Compl.  And, Plaintiff's attempt to create an attenuated connection to the 1990 commercial activity, Pl. Opp'n at 9, does not satisfy the commercial activity exception to sovereign immunity, *see OBB Personenverkehr*, 577 U.S. at 34–36; *cf. Hussein v. Maait*, No. 22 Civ. 2592, 2022 WL 2113994, *3–4 (S.D.N.Y. June 13, 2022) (finding that the court need not look at the facts giving rise to the judgment in analyzing if the commercial activity exception applied).  In other words, there is not "a significant nexus . . . between the commercial activity in this country upon which the exception is based and [P]laintiff's cause of action."  *Kensington Int'l, Ltd. v. Itoua*, 505 F.3d 147, 155 (2d Cir. 2007) (citation and emphasis omitted).  Therefore, this action does not fit within the first clause of the commercial activity exception to sovereign immunity, and Plaintiff has failed to meet his burden of production.

Plaintiff requests jurisdictional discovery and, if necessary, a factual hearing, should the Court find that the commercial activity exception to sovereign immunity does not apply.  Pl. Opp'n at 29–30.  "Because the purpose of sovereign immunity is to protect foreign nations not

---

[8] Even if the Court were to look under the New York judgment to the Croatian judgment, and assume that the non-payment was due to Croatia nationalizing Gavrilovic's assets, that would still not be a commercial activity because "[n]ationalizing property is a distinctly sovereign act."  *Barnet as Tr. of 2012 Saretta Barnet Revocable Tr.*, 961 F.3d at 201.

only from liability but also from the expense, intrusiveness, and hassle of litigation, a court must be circumspect in allowing discovery before the plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the FSIA." *Beierwaltes v. L'Office Federale De La Culture De Las Confederation Suisse*, 999 F.3d 808, 828 (2d Cir. 2021).  Here, Plaintiff has failed to articulate what he would learn in discovery that could establish jurisdiction. *See id.*  Plaintiff's request for jurisdictional discovery is DENIED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss, and DISMISSES the case.  The Clerk of Court is directed to amend the caption such that Plaintiff is styled as "MIRKO DESPOTOVICH, *doing business as* TRADEXIM INTERNATIONAL CO. CALIFORNIA," terminate all pending motions, and close the case.

SO ORDERED.

Dated:  August 17, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge